FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

2016 DEC -8 PM 3: 52

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

MICHAEL S. DAY JR. as Personal
Representative and Administrator of the
Estate of Michael S. Day, Sr., *et al.*

        Plaintiffs

v.

JOHNS HOPKINS HEALTH SYSTEM
CORPORATION, *et al.*

        Defendants

Civil Action No. ___**ELH 1 6 CV 3 9 4 4**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants The Johns Hopkins Health System Corporation, The Johns Hopkins Hospital, Inc., Johns Hopkins Imaging, LLC, The Johns Hopkins University (collectively, "Johns Hopkins"), and Paul Wheeler, M.D. ("Dr. Wheeler" and, collectively with Johns Hopkins, "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1441, hereby remove the state civil action entitled *Michael S. Day, Jr. as Personal Representative and Administrator of the Estate of Michael S. Day, Sr., et al. v. Johns Hopkins Health System Corporation, et al.*, Case No. 24-C-16-005784 in the Circuit Court for Baltimore City, to the United States District Court for the District of Maryland. As required under 28 U.S.C. § 1446(a), Defendants set forth below a short and plain statement of the grounds for removal.

## INTRODUCTION

1.    Plaintiffs commenced this action on October 28, 2016 by filing a complaint against Defendants in the Circuit Court for Baltimore City, Maryland, Case No. 24-C-16-005784

(the "Complaint"). Copies of the Complaint and all process, pleadings, and orders served on Defendants are attached collectively as Exhibit A.

2.     Plaintiffs' Complaint alleges that "at least hundreds of toxically injured coal miners" suffered injury as a result of Defendants' conduct in allegedly causing members of the proposed class to be denied federal health benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901, *et seq.* (the "Black Lung Benefits Act" or "BLBA"). (Compl. ¶¶ 12, 14). Plaintiffs claim that Defendants "purposely and intentionally refused to abide by the stringent requirements" established by the BLBA for the evaluation of chest x-rays in connection with proposed class members' claims for federal benefits that, Plaintiffs allege, resulted in members of the class being denied benefits under the BLBA. (Compl. ¶¶ 13-19).

3.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Defendants have satisfied the procedural requirements for removal.

4.     Jurisdiction also exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  As set forth more fully below, the plausible matter in controversy exceeds $5,000,000 in the aggregate exclusive of interests and costs, 28 U.S.C. § 1332(d)(2), minimal diversity exists among the parties, 28 U.S.C. § 1332(d)(2)(A), and the proposed class exceeds 100 members, 28 U.S.C. § 1332(d)(5)(B).  Neither of the exceptions to jurisdiction set forth in 28 U.S.C. § 1332(d)(4)(A) and (B) is applicable.

## FIRST BASIS FOR REMOVAL – 28 U.S.C. § 1331

5.     The underlying state court action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' Complaint purports to assert a claim under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et*

2

*seq.* Plaintiffs allege that Defendants violated RICO by "engaging in mail fraud, obstructing justice, and finally violating federal rules and regulations related to the BLBA." (Compl. ¶ 124). Plaintiffs also assert common law claims for fraud, tortious interference with occupational economic interests, negligent misrepresentation, and unjust enrichment. (Compl. ¶¶ 107-122; 136-153). All such claims stem from the same alleged facts that give rise to the alleged violation of federal law.

6.      This case is properly removable under 28 U.S.C. § 1441(a) because the RICO claim "plainly 'aris[es] under' the 'laws of the United States." *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012) (citing to 28 U.S.C. § 1331). "[A] suit arises under the law that creates the cause of action." *Id.* (citing to *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Moreover, all of Plaintiffs' claims relate to the BLBA, which is a federal statute. *See* 30 U.S.C. § 901, *et seq.*

7.      This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are based on the same factual allegations as Plaintiffs' federal claims and, therefore, form part of the same case or controversy.

## SECOND BASIS FOR REMOVAL – CAFA

8.      This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

9.      The "primary objective" of CAFA is to "ensur[e] '[f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (citation omitted). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by

3

any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S Ct. 547, 554 (2014) (quoting S. Rep. No. 109-14, at 43 (2005)).

     10.   Under CAFA, a class action filed in state court is removable to federal court if the matter in controversy exceeds $5,000,000 in the aggregate exclusive of interests and costs, 28 U.S.C. § 1332(d)(2), any member of a class of plaintiffs is a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2)(A), and the class size is greater than 100 persons, 28 U.S.C. § 1332(d)(5)(B). *See also Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 749 (D. Md. 2013). This case fulfills those requirements.

### Matter in Controversy

     11.   The Complaint satisfies CAFA's requirement that the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).

     12.   The claims of the individual putative class action members are aggregated to determine if the matter in controversy put at issue in the Complaint exceeds $5,000,000. 28. U.S.C. § 1332(d)(6).

     13.   Plaintiffs allege that the estates they represent and the members of the proposed class have been "denied benefits in an amount in excess of $75,000 in the aggregate." (Compl. ¶¶ 117, 122, 135, 146, 153). Plaintiffs also allege, however, that Defendants "engaged in a pattern and practice with the intent to defraud *at least hundreds of toxically injured coal miners* of federally earned benefits." (Compl. ¶ 12) (emphasis added); *(see also* Compl. ¶ 66 (alleging that Dr. Wheeler was involved in "at least 280 cases" where claimants were denied benefits under the BLBA)). The United States Department of Labor currently sets benefits under the program for a primary beneficiary and one dependent at $966 per month. *See* U.S. Dep't of Labor, Division of Coal Mine Workers' Compensation, Black Lung Monthly Benefit Rates for 2016, *available at* http://www.dol.gov/owcp/dcmwc/regs/compliance/blbene.htm (last visited

December 8, 2016). Depending on the number of dependents and the years of eligibility, benefits can range from approximately $600 to $1,300 per month. *See id.* If a class of 280 people were to seek damages equivalent to two years' apiece of benefits at an average of $966 per month, such alleged damages would be close to $6.5 million.

14.     Moreover, Plaintiffs seek "treble damages" related to their RICO claim, which would greatly increase the amount of potential damages. (Compl. ¶ 135).

15.     Based on the size of the proposed class and the nature of the relief sought, a "plausible allegation" exists that the matter in controversy exceeds $5,000,000 sufficient to satisfy CAFA's requirements. *See Sayre v. Westlake Servs., LLC*, No. ELH-15-687, 2015 WL 4716207, at *6 (D. Md. Aug. 7, 2015) ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (quoting *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554). "'[R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553-54).

16.     Because a plausible allegation has been asserted that the amount in controversy exceeds $5,000,000, the requirements of 28 U.S.C. § 1332(d)(2) are satisfied.

### Minimal Diversity of Citizenship

17.     CAFA's second requirement, that minimal diversity exist amongst the parties, has also been satisfied.

18.     Plaintiffs allege that the decedents whose estates they represent worked as coal miners in West Virginia for thirty-three years each. (Compl. ¶¶ 72, 84). For purposes of diversity, the citizenship of the named Plaintiffs is therefore West Virginia. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen

only of the same State as the decedent"). Even if the citizenship of the legal representatives of the estates were to be considered rather than the citizenship of the decedents, the two named legal representatives are citizens of West Virginia and North Carolina, respectively. (Compl. ¶¶ 1-2).

20. Upon information and belief, the majority of the members of the purported class are citizens of West Virginia and states other than Maryland, given the relatively small number of coal mines in Maryland.

20. None of the Johns Hopkins entities named as defendants is a citizen of West Virginia. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Each of the Johns Hopkins entities named as a defendant is both incorporated in and has its principal place of business in Maryland, and each is therefore a citizen of Maryland.

21. Dr. Wheeler also is not a citizen of West Virginia. Dr. Wheeler is a citizen of Florida.

22. Because at least one plaintiff is from a different state from any defendant, CAFA's minimal diversity requirement is satisfied.

23. Indeed, complete diversity exists between the named Plaintiffs and the Defendants.

24. Moreover, jurisdiction under CAFA is appropriate because less than one-third of the proposed class is believed to be resident in Maryland. *See* 28 U.S.C. § 1332(d)(3), 1332(d)(4).

**Class Size**

25. CAFA's final requirement, that the proposed class exceed 100 members, is also satisfied here.

26.     The Complaint asserts that "the proposed Class is believed to be so numerous that joinder of all members is impracticable." (Compl. ¶ 100). While Plaintiffs state that they do not know the exact size of the putative class (*id.*), the Complaint asserts that the actions allegedly undertaken by Defendants affected "at least hundreds of toxically injured coal miners." Compl. ¶ 12. Plaintiffs further allege that Defendant Dr. Wheeler was involved in "at least 280 cases" where a claimant was denied benefits under the BLBA. (Compl. ¶ 66). The putative class is therefore likely to exceed one hundred members, satisfying the requirements of 28 U.S.C. § 1332(d)(5).

## CAFA's Exceptions Do Not Apply

27.     CAFA includes two exceptions pursuant to which the Court must decline jurisdiction: the "local controversy" exception set forth at 28 U.S.C. § 1332(d)(4)(A), *Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013), and the "home state" exception set forth at 28 U.S.C. § 1332(d)(4)(B), *Johnson v. Advance America*, 549 F.3d 932, 933 (4th Cir. 2008). Neither exception applies in this case.

28.     Under the "local controversy" exception, the Court must decline to exercise jurisdiction where

> (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally; (2) at least one defendant (a) is a defendant from whom members of the plaintiff class are seeking "significant relief," (b) is a defendant whose conduct "forms a significant basis" for the proposed plaintiff class's claims, and (c) is a citizen of the state in which the action originally was filed; (3) the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action was filed originally; and (4) in the three years before the filing of the class action complaint, no other similar class action was filed against any of the defendants on behalf of the same or other class.

*Quicken Loans*, 737 F.3d at 964; *see also* 28 U.S.C. § 1332(d)(4)(A).

29.     Under the "home state" exception, the Court must decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Johnson*, 549 F.3d at 933; *see also* 28 U.S.C. § 1332(d)(4)(B).

30.     Neither exception applies here because, upon information and belief, the majority of the members of the purported class are citizens of West Virginia and states other than Maryland.

### All Procedural Requirements for Removal Have Been Satisfied

31.     Defendants have satisfied all procedural requirements for removal.

32.     Defendants Johns Hopkins Health System Corporation, Johns Hopkins Hospital, and Johns Hopkins Imaging were served with copies of the Complaint and summons on November 11, 2016.  Defendant Johns Hopkins University was served on November 14, 2016.

33.     Counsel for Defendant Dr. Wheeler accepted service on behalf of Dr. Wheeler during a telephone call with Plaintiffs' counsel on December 6, 2016 and subsequently received a copy of the summons and Complaint via email from Plaintiffs' counsel.

34.     Removal thus has not taken place more than thirty (30) days after any defendant first received a copy of the summons and Complaint, let alone the last-served defendant. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

35.     The District of Maryland is the district embracing the Circuit Court for Baltimore City, Maryland, and venue therefore is proper under 28 U.S.C. § 1441(a).

36.     No previous application has been made for the relief requested in this notice.

37.     Pursuant to 28 U.S.C. § 1446(a), Defendants are required to attach copies of "all process, pleadings, and orders served on such defendant."  Copies of the Complaint and all process, pleadings, and orders served on Defendants are attached collectively as Exhibit A.

8

38.     Defendants reserve their right to amend or supplement this Notice of Removal, and expressly preserve all legal and equitable defenses.

39.     Defendants submit this notice for purposes of obtaining removal only. Nothing contained in the notice should be misconstrued as an admission concerning any substantive matter or procedural issue, including, but not limited to, the certification of a class under Fed. R. Civ. P. 23.

40.     Written notice of this removal will be served on Plaintiffs' counsel, and a Notice of Filing of Notice of Removal is being filed simultaneously with the Clerk of the Circuit Court for Baltimore City. *See* Exhibit B.

**WHEREFORE**, Defendants The Johns Hopkins Health System Corporation, The Johns Hopkins Hospital, Inc., Johns Hopkins Imaging, LLC, The Johns Hopkins University, and Paul Wheeler, M.D. hereby remove this lawsuit from the Circuit Court for Baltimore City to the United States District Court for the District of Maryland, under 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446.

December 8, 2016

Andrew Jay Graham (Bar No. 00080)
Justin A. Redd (Bar No. 18614)
KRAMON & GRAHAM PA
One South Street
Suite 2600
Baltimore, Maryland 21202-3201
(410) 752-6030 (telephone)
(410) 539-1269 (facsimile)
agraham@kg-law.com
jredd@kg-law.com

*Attorneys for Paul Wheeler, M.D.*

Robert J. Mathias (Bar No. 00253)
James D. Mathias (Bar No. 06311)
Benjamin D. Schuman (Bar No. 28829)
DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000 (telephone)
(410) 580-3001 (facsimile)
robert.mathias@dlapiper.com
james.mathias@dlapiper.com
ben.schuman@dlapiper.com

*Attorneys for Defendants The Johns Hopkins Health System Corporation, The Johns Hopkins Hospital, Inc., Johns Hopkins Imaging, LLC, and The Johns Hopkins University*

10

## CERTIFICATE OF SERVICE

I certify that on this 8th day of December, 2016, a copy of the foregoing Notice of

Removal was delivered via electronic mail and first class mail, postage prepaid, to:

> Jonathan B. Nace
> Christopher T. Nidel
> Nidel & Nace, PLLC
> 5335 Wisconsin Avenue, NW
> Suite 440
> Washington, D.C. 20015
> (202) 558-2030 (telephone)
> (301) 963-8135 (facsimile)
> jon@nidellaw.com
> chris@nidellaw.com
>
> *Counsel for Plaintiffs Michael S. Day, Jr.*
> *as Personal Representative of the Estate*
> *of Michael S. Day, Sr. and Christi Ann*
> *Jordan Jarrett as Personal Representative*
> *Of the Estate of Junior McCoy Barr*

_____
Benjamin D. Schuman