IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL S. DAY, JR., ET AL.          *
                                     *
v.                                   *     Civil No. – JFM-16-3944
                                     *
JOHNS HOPKINS HEALTH SYSTEM          *
CORP., ET AL.                        *
                                ******

MEMORANDUM

Plaintiffs have instituted this action against the Johns Hopkins Health System Corporation, the Johns Hopkins Hospital, Inc., Johns Hopkins Imaging, LLC, the John Hopkins University, and Paul Wheeler, M.D. Defendants have moved to dismiss on the ground that the named class representatives have failed to state a claim upon which relief can be granted. The motion will be granted.[1]

I.

Plaintiffs are the administrators of the Estates of Michael S. Day, Sr., and Junior McCoy Barr who were West Virginia coal miners. Day and Barr were initially denied relief by the Benefits Review Board on the ground that the Administrative Law Judge "evaluate[d] the probative value of the respective opinions" of the doctors who testified and concluded that plaintiffs were not entitled to benefits. They were ultimately granted benefits, however, after a 2013 article by the Center for Public Integrity that accused Paul Wheeler, one of the doctors who appeared on behalf of defendants, of not adhering to the ILL classification system and substituting his own medical opinions of how chest x-rays should be interpreted for black lung purposes.

---

[1] This opinion addresses only the absolute immunity defense upon which defendants rely. Defendants raise a number of other issues but I find it unnecessary to reach them.

Defendants have filed a motion to dismiss. The motion will be granted.

II.

Plaintiffs' claims are barred by the absolute litigation privilege. It protects witnesses from civil liability. Defendants initially relied upon Maryland law which holds that "[t]he litigation privilege immunizes a party for statements made in a judicial proceeding and is fundamental to the court's truth-finding mission." *O'Brien & Gere Eng'rs, Inc. v. City of Salisbury*, 447 Md. 394, 398, (2016). However, the same principle applies to claims arising under federal law. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Plaintiffs rely upon the fact that the absolute litigation privilege applies only to defamation actions. However, nothing in *O'Brien* or *Briscoe* limits the privilege to defamation actions. Wheeler was subject to cross examination in plaintiffs' BLBA proceedings. Thus, Maryland law is consistent with federal law on this issue.

A separate order dismissing plaintiffs' claim is being entered herewith.

Date: *August 25, 2017*

J. Frederick Motz
United States District Judge